## ROBERT W. LOWBER v. EVANDER CHILDS.

Where a claimant, having performed labor in pursuance of an agreement with a contractor, effects a lien for the value thereof, and serves *upon the owner* a notice to appear and submit to an accounting; the court, in which the notice is returnable, acquires jurisdiction of the matter, and must proceed therein.

Accordingly, where the claimant omitted to serve the notice upon the contractor, and refused to bring him in as a party to the foreclosure, it was *held*, that the act of the Marine Court, in dismissing the proceeding, was erroneous.

Where the notice to close the lien is entitled in the names of both owner and contractor as defendants, but is served upon the former only, the latter can be brought in, as in ordinary cases wherein only one of two defendants is served with process.

The power of the Marine Court to summon the contractor as a party is ample,

and should be exercised when the claim is for money alleged to be due from him to a sub-contractor.

This power is incident to the jurisdiction conferred upon that court, in relation to claims of a limited amount, under this statute.

The provisions of the Code of Procedure, respecting *parties* to actions, apply to the Marine and Justices' Courts.

GENERAL TERM, APRIL, 1855.

THE defendant, Childs, owning a lot in Beekman-street, in the city of New York, entered into a contract with one Isaac N. Winters, for the erection of a building thereon. The plaintiff, Lowber, in pursuance of an agreement with Winters, furnished lime, to be used in the construction, in conformity with the original contract, and on the 19th of December, 1853, effected a lien for the value thereof, by filing the notice prescribed in the sixth section of the "act for the better security of mechanics and others," passed July 11, 1851. Such notice of lien was addressed to the county clerk, and specified Winters as "the person against whom the claim was made," and Childs as "the owner."

On the 2d of February, 1854, the claimant served upon *the owner* the notice provided in the fourth section of the act. It was *entitled* in the Marine Court, the claimant being named as a party plaintiff, and both the owner and contractor as parties defendant, and was *addressed to and served upon the owner only.* After reciting the steps taken to acquire the lien, it required the owner to appear in that court, either in person or by attorney, on the third of March ensuing, at ten A. M., and submit to an accounting and settlement of the amount due or claimed to be due for lime furnished and used in the erection of the building.

On the return day of the notice, the claimant and owner respectively appeared with their attorneys, and the plaintiff filed a bill of particulars of his claim, amounting to $132 36, on which he prayed judgment for $100—the sum to which the jurisdiction of the Marine Court, under this statute, is limited.

The owner, thereupon, moved that the proceedings be dis-

missed, " on the ground that the contractor had not been made a party thereto ; that no notice or process had been served upon the latter to bring him into court."

The justice then inquired of the claimant's counsel, whether he desired to bring the contractor into court and to make him a party to the proceeding ; adding, that if such was the counsel's wish, he, the justice, would permit him to do so. The claimant's counsel answered in the negative, admitting that the contractor had not been served, and insisting that he was not a necessary party ; whereupon, the justice dismissed the proceedings, and entered a judgment in the owner's favor for costs.

The claimant appealed to this court.

*Charles C. Nott*, for the claimant, (appellant,) made the following points :

I. The act (Laws 1851, p. 953) does not require the contractors to be made a party. The fourth section says a notice shall be served upon the *owner*. It no where alludes to the contractor as a party, and certainly would not have allowed so broad a jurisdictional requirement to be taken only by inference.

II. It was admitted by the court below, that neither the act nor the practice under it required the contractor to be made a party, but the court considered itself bound by the decision in *Sullivan* v. *Decker* (1 E. D. Smith's Rep. 699.) The decision is based upon a total misapprehension of that case, and an utter failure to perceive the difference between a *proper* and a *necessary* party. 1st. The court never intended to decide, in *Sullivan* v. *Decker*, that the contractor was a necessary party. Justice WOODRUFF speaks of it as a thing to be done on the defendant's motion, and as a favor to the defendant, and says it is not very material *when* the motion is made, before or after issue. 2d. Justice INGRAHAM dissented, holding that the court had no power to grant this, even as a favor, and not considering it as a necessary condi-

tion to the claimant's proceeding. 3d. The court could not have so decided, even if the judges had expressed such an opinion. The case was an appeal from a motion to bring the contractor in. The court did not dismiss the proceedings for the irregularity, but granted the motion.

*S. Sanxay,* for the defendant, (owner,) made the following points :

I. The court below properly held, that as it had no equitable powers and no jurisdiction to order any other party to be brought in, it could not proceed in the matter, and dismissed the proceeding.

II. An appeal will not lie. There was no suit, no pleadings, no trial, no judgment, only a dismissal of a preliminary proceeding, or rather a refusal to act.

III. There was not sufficient before the court to allow it to act, or to give it jurisdiction. There was nothing but the notice, which was wholly insufficient.

IV. If it be considered that there was sufficient before the court to be regarded as a suit, and that the respondent's motion to dismiss may be considered as a demurrer, and that the decision of the court was a judgment on demurrer, (although this is a sublimated theory,) the judgment was correct. The proceeding was in fact to take away the property of Winters, and without due or any process of law, or even notice to him, and if this can be done under the act in question, the act is unconstitutional. (Const. art. 1, § 6.)

A judgment, decree or proceeding in any court, affecting a party who has no notice of the proceeding, judgment or decree, is against the first principles of justice, and absolutely void, says Chief Justice SPENCER, in *Borden* v. *Fitch,* (15 Johns. R.) and although this was said in reference to a judgment of a sister state, yet it is a legal truth in respect to any legal or judicial transaction affecting the rights of a citizen ; and any legislative enactment permitting a court to do this is void and not to be regarded ; and the act in question, un

Lowber *v.* Childs.

less it is to be construed and enforced as requiring notice to be given to the party whose property is to be affected and taken from him, is void.

It cannot be said that, if the court sees that the contractor is a necessary party, it will order him to be brought in. This may be good reasoning in the Court of Common Pleas, which possesses equity powers, but it cannot be urged in respect to the Marine Court. Equity never enters there. It cannot be argued, that because the statute, in its confined language, applies only to the character of notice to be given in the case of a proceeding by a contractor to an owner, such notice will be sufficient in the case of a laborer or material man against the contractor.

In the first case, which is the *only* one the notice mentioned in the act applies to, such notice is proper, *because no rights are affected but those of the owner ;* but in the second case, which is the case here, such notice is not proper, *because it does not bring before the court the contractor, whose rights are principally and primarily affected by it.* And in order to give effect to the act, we must, in accordance with the first principles of justice, supply, by implication, the defect of the act, and require notice to be given to the contractor, in all cases where the claim is made against his property or earnings, although the strict letter of the act does not require it, but requires in fact the same notice only where the contractor and owner are concerned, as when the contractor and owner and sub-contractor and laborer are interested.

If the justice of the Marine Court erred in dismissing the proceedings, the only way to review the error is by *certiorari,* or if he improperly refuses to proceed in the matter, he can only be controlled by *mandamus.*

*Charles C. Nott,* for the claimant, in reply.

I. The whole case now before the court is this : The counsel for the owner moved, "That as this was a proceeding affecting the property and earnings of Winters, the contract-

or, he was a necessary party," and being therefore "insufficient, improper and absolutely void," that it be dismissed; and the court held, "that it could not proceed in the matter, and dismissed the proceedings." No motion was made or desire expressed to have the parties brought in. The counsel for the owner claimed that the contractor was "a necessary party," and that the proceedings were "absolutely void," and the court sustained this position. His motion was to dismiss the proceedings, and it was granted.

The question is set at rest by the case of *Foster* v. *Skidmore*, (1 E. D. Smith, 719,) decided shortly after *Sullivan* v. *Decker*. According to that case, this applicant was "in all respects *rectus in curia*," and if other parties were to be brought in, it was "not by way of objection to what had been done by the plaintiff, but by way of appeal to the authority of the court." As to the rights of Mr. Winters, it will be time enough for the counsel to discuss them when Mr. Winters becomes his client.

II. The objection, that the appeal will not lie, is untenable. There was a "suit"—the notice, *Reynolds* v. *Hornet*, 1 C. R. N. S. 230—the appearance of the parties. (*Dix* v. *Palmer*, 5 How. R. 233.) There was a trial—the motion and decision. There was a judgment—the dismissal of the suit, with $10 costs, against the plaintiff. There was no refusal on the part of the justice to act. He turned the plaintiff out of court.

BY THE COURT. WOODRUFF, J.—The opinions given by this court in *Sullivan* v. *Decker*, (1 E. D. Smith, 699,) do not warrant the judgment rendered in the Marine Court in this action, and the decision in *Foster* v. *Skidmore*, Ib. 719, is, so far as this court is concerned, conclusive that such judgment was erroneous. The plaintiff had taken the very step which the statute prescribed, and the court thereby obtained jurisdiction of the matter, and should have proceeded therein.

I do not discover any defect of power in the Marine Court

to make any order which may be essential to carry into full execution the jurisdiction which the statute itself has conferred upon them, by authorizing the proceeding to be had in that court; and in this respect it is not material whether the foreclosure be deemed a strictly legal or an equitable proceeding. Besides, § 64, subd. 15, of the Code of Procedure, makes the provisions of the Code, respecting *parties* to actions, applicable to the justices' courts; and § 68, in like manner, makes § 64 apply to the Marine Court. Section 121 of the Code, in terms, provides that when a complete determination of the controversy cannot be had without the presence of other parties, the court *must* cause them to be brought in. It seems to me, that in this the Marine Court have ample power to cause a contractor to be summoned, and that it should have been done. But further, it appears by the notice to bring the lien to a close, that the contractor was made a party defendant, and if one defendant only had been served, still the proceedings should not have been dismissed. The defendant might have been brought in as in cases where only one of two defendants are served. The judgment must be reversed.

Judgment reversed.

